**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5067**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

JUAN  CARLOS  NAVARETTE-BELTRAN,  a/k/a  Luis
Arriga-Juarez,  a/k/a  Juan  Carlos  Ariga
Navarette, a/k/a Louis Aruga Navarete,

                                    Defendant - Appellant.

———————

Appeal  from  the  United  States  District  Court  for  the  Middle
District  of  North  Carolina,  at  Durham.   N.  Carlton  Tilley,  Jr.,
Chief District Judge.  (CR-05-34)

———————

Submitted: April 27, 2006               Decided: May 1, 2006

———————

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen III, Federal Public Defender, Eric D. Placke,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.   Anna Mills Wagoner, United States Attorney, Angela
Hewlett Miller, Assistant United States Attorney, Arnold L. Husser,
OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Juan Carlos Navarette-Beltran pled guilty to one count of reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000), and was sentenced to seventy-one months imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but raising the issue of whether the sentence imposed by the district court was reasonable. Although Navarette-Beltran was informed of his right to file a pro se supplemental brief, he has not done so.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the applicable guideline range as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 2006 WL 267217, at *5 (4th Cir. Feb. 6, 2006) (No. 05-4270).

Navarette-Beltran's sentence was both within the guideline range of fifty-seven to seventy-one months, and well within the statutory maximum of twenty years. See 8 U.S.C.

- 2 -

§ 1326(b)(2). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, we find the sentence reasonable.

In accordance with <u>Anders</u> we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED